UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

GAETANO D'ATTORE,

                              Plaintiff,

    -against-                                    9:12-CV-00009 (LEK/RFT)

CUCHARELLA, *et al.*,

                              Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

       This matter comes before the Court following a Report-Recommendation filed on October 3, 2012 by the Honorable Randolph F. Treece, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Dkt. No. 23 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by *pro se* Plaintiff Gaetano D'Attore ("Plaintiff"), which were filed on October 18, 2012. Dkt. No. 25 ("Objections"). The Court has considered the Objections and has determined that the Report-Recommendation should be approved and adopted in its entirety for the reasons stated herein.

**II.    BACKGROUND**

       Plaintiff filed this prisoner civil rights suit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by employees of the New York State Department of Corrections and Community Supervision ("DOCCS") during his incarceration at the Walsh Regional Medical Unit located in Rome, New York. <u>See generally</u> Dkt. No. 1 ("Complaint"). Liberally construed, Plaintiff's Complaint appears to state claims alleging, *inter alia*: (1) excessive use of force against Defendant

Cucharale; (2) failure to protect against Defendant Durante; (3) failure to protect against Defendant Rabideau; and (4) verbal harassment against Defendant Durante.[1]  See generally id.

The Court presumes the parties' familiarity with the factual allegations in this case and recites them herein only to the extent necessary to rule on the submissions pending before the Court.  For a complete statement of the claims and their alleged factual basis, reference is made to the Complaint.

Presently before the Court is Defendants' Motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 18 ("Motion").  Plaintiff in turn submitted a Response in opposition to Defendants' Motion.  Dkt. No. 20 ("Response").  In his Report-Recommendation, Judge Treece recommended that the Court grant in part and deny in part Defendants' Motion.  Specifically, Judge Treece recommended that: (1) Plaintiff's claims against Defendant Rabideau be dismissed; (2) Plaintiff's verbal harassment claim against Defendant Durante be dismissed; (3) Defendants' Motion to dismiss Plaintiff's excessive force claim against Defendant Cucharelle be denied; (4) Defendants' Motion to dismiss Plaintiff's failure to protect claim against Defendant Durante be denied; and (5) all claims against the Defendants in their official capacities be dismissed.  Report-Rec. at 18.

## III. STANDARD OF REVIEW

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b).  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error."  Farid v.

---

[1] As noted in the Report-Recommendation, to the extent that Plaintiff states or attempts to state any other causes of action, Defendants do not address them in their Motion to dismiss.  See Report-Rec. at 2-3.  Because neither the Report-Recommendation nor Defendants' Motion addresses any such claims, the Court does not recite them here.

Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## IV.  DISCUSSION

For the most part, Plaintiff's Objections provide a general statement of Plaintiff's medical situation and hardships faced in prison, many of which do not appear to be related either to the contents of Plaintiff's Complaint or to the substance of the Report-Recommendation. To the extent that Plaintiff generally argues that the Report-Recommendation should not be adopted, the Court conducts a clear error review. Farid, 554 F. Supp. 2d at 307. Upon a thorough review of the record and the parties' submissions, the Court finds no such error.

Otherwise, the Objections do not appear to be responsive to the Report-Recommendation at all. That is, while Plaintiff requests that the Court decline to adopt the Report-Recommendation and dismiss certain claims, the bulk of Plaintiff's arguments appears to relate to parties not named in the Complaint and to incidents and issues that had not previously been raised.

While the Court is not certain what relief is being requested or against whom claims are being asserted, the Court notes that much of the Objections resemble a request for injunctive relief.[2] To the extent Plaintiff seeks injunctive relief, the Court instructs Plaintiff to file such a request as a separate motion. To the extent Plaintiff wishes to file such a motion, the Court also reminds Plaintiff that the

---

[2] Specifically, it may be that in describing his medical needs and the alleged shortcomings of his current treatment, Plaintiff seeks an order directing certain prison officials or medical practitioners to provide Plaintiff with specific care. See Obj. at 2-4.

3

relief requested must relate to the instant matter and that the Court may only grant preliminary injunctions that relate to the parties to this case and may not enjoin other parties who Plaintiff may feel have wronged him in some way.[3] See FED. R. CIV. P. 65(d) (stating that preliminary injunctions may only bind "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

Further, to the extent Plaintiff wishes to state new claims or raise constitutional complaints against other parties, he must file a motion to amend his Complaint. In such a motion, he could clearly state his grievances, his alleged injuries, and the individuals he believes to be responsible. While the Court takes no position on the timeliness, propriety, or probability for success of such a motion, the Court does note that such a motion and any response from Defendants would provide a more appropriate forum for addressing the litany of issues raised in the Objections.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 23) is **APPROVED** and **ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 18) to dismiss is **GRANTED in part and DENIED in part** consistent with this Decision and Order; and it is further

**ORDERED**, that Plaintiff's claims against Defendant Rabideau are **DISMISSED**; and it is further

---

[3] In noting the limits on the Court's authority to issue broad injunctions relating to Plaintiff's medical treatment, the Court takes no position on the merits, appropriateness, or possible success of any such request.

**ORDERED**, that Plaintiff's verbal harassment claim against Defendant Durante is **DISMISSED**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 18) to dismiss Plaintiff's excessive force claim against Defendant Cucharelle is **DENIED**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 18) to dismiss Plaintiff's failure to protect claim against Defendant Durante is **DENIED**; and it is further

**ORDERED**, that all claims against Defendants in their official capacities are **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:   November 15, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge