**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GAETANO D'ATTORE,

         Plaintiff,

  - v -               Civ. No. 9:12-CV-0009
                      (LEK/RFT)

CUCHARELLA, *Correction Officer tour 3:00PM–11PM*; DURANTE, *Correction Officer tour 3:00PM–11PM*;

         Defendants.

**APPEARANCES:**            **OF COUNSEL:**

**GAETANO D'ATTORE**
Plaintiff, *Pro Se*
10-A-5728
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

**HON. ERIC T. SCHNEIDERMAN**      **CATHY Y. SHEEHAN, ESQ.**
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

  *Pro se* Plaintiff Gaetano D'Attore brings this Complaint, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Dkt. No. 1, Compl. Defendants move, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on the grounds that, *inter alia*, Plaintiff failed to exhaust his claims. Dkt. No. 37–8, Defs.' Mem. of Law, at pp. 6–9. Plaintiff does not oppose the Motion. For the reasons that follow, we recommend that the Defendants' Motion be

**GRANTED**.

## I. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v.*

*Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Even in the absence of a response, Defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. *Id.*; FED. R. CIV. P. 56(c). Furthermore, this Circuit adheres to the view that nothing in Rule 56 imposes an obligation on the court to conduct a search and independent review of the record to find proof of a factual dispute. *Amnesty Am. v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002).

## II. DISCUSSION

Originally this action was filed in the Western District of New York and included claims against nine different Defendants. Compl. On December 17, 2011, Plaintiff's claims against Defendants Rabideau, Cucharella, and Durante were severed from the original action and transferred to the Northern District of New York. Dkt. No. 5, Order, dated Dec. 17, 2011. Subsequently, on November 15, 2012, the Honorable Lawrence E. Kahn, Senior United States District Judge, issued a Decision and Order, granting in part Defendants' Motion to Dismiss and dismissing Defendant Rabideau and one of Plaintiff's claims against Defendant Durante. Dkt. No. 26, Dec. & Order, dated Nov. 15, 2012.

As a result, the only claims remaining in the instant action are: (1) an excessive force claim against Defendant Cucharella; (2) a failure to protect claim against Defendant Durante; (3) a First Amendment retaliation claim against Defendant Durante; and (4) a First Amendment interference with legal mail claim against unnamed Defendants at DOCCS. *See id.* at pp. 4–5; *see also* Dkt. No. 23, Rep.–Rec. & Order, dated Oct 3, 2012, at p. 3 n.3 (noting that Plaintiff may have attempted to state a first amendment retaliation claim against Defendant Durante, and an interference with legal mail claim against employees at DOCCS); *see also* Compl. at pp. 4–5 & 12.[1]

Plaintiff's surviving claims stem from his allegations that on or about December 21, the day after he arrived at the Walsh Regional Medical Unit ("Walsh"),[2] he was assaulted by Defendant Cucharella, a Corrections Officer ("C.O.") at Walsh, Compl. at pp. 10–11, and despite the fact that

---

[1] Plaintiff's Complaint is comprised of two documents; a *pro forma* § 1983 Complaint and a typewritten Complaint attached as "Exhibit-A". *See* Dkt. No. 1. When referring to the Plaintiff's Complaint we make reference to the page numbers automatically assigned by the Court's Electronic Case Filing system.

[2] The Walsh Medical Unit is located within the Mowhawk Correctional facility. *See, e.g.,* Dkt. No. 37-4, Jeffrey Hale Aff., dated Sept. 20, 2013, at ¶ 6.

he observed the attack, Defendant C.O. Durante failed to protect Plaintiff from Defendant Cucharella, *id.* at p. 11. Plaintiff also claims that on December 23, Defendant Durante made various verbal threats against him in retaliation for his having complained about the earlier alleged assault, *id.* at p. 12, and, that while he was at Walsh his legal mail was being thrown out, causing his filings to be late in two cases pending before the Southern District of New York. *Id.* at p. 4. Defendants argue, *inter alia*, that Plaintiff's claims should be dismissed because he failed to exhaust these claims. Dkt. No. 37-8, Defs.' Mem. of Law, at pp. 6–9.

Pursuant to the Prison Litigation Reform Act ("PLRA") "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citations omitted). Exhaustion is similarly required even if the prisoner asserts futility as an excuse. *See Booth v. Churner*, 531 U.S. 731, 741 n.6 (2001) (refusing to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") (cited in *Marvin v. Goord*, 255 F.3d 40, 43 (2d Cir. 2001)). Accordingly, the exhaustion requirements apply even where the grievance process does not permit an award of money damages and the prisoner seeks only money damages, provided the grievance tribunal has the authority to take some responsive action. *See Thomas v. Wright,* 2002 WL 31309190, at *5 (N.D.N.Y. Oct. 11, 2002) (citing *Booth v. Churner*, 531 U.S. 731 (2001)).

In determining whether a prisoner has failed to exhaust all available administrative remedies,

the Second Circuit has instructed district courts to ask: "(1) whether administrative remedies were actually available, (2) whether the defendants forfeited their right to raise the affirmative defense or by their own actions precluded the plaintiff from using administrative grievance procedures, and (3) whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." *Singh v. Goord*, 520 F. Supp. 2d 487, 495–96 (S.D.N.Y. 2007) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

In New York State, the administrative remedies ordinarily consist of a three-step review process. First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees.[3] N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). The IGRC reviews and investigates the formal complaints and then issues a written determination. *Id*. Second, if the IGRC decision is appealed, the superintendent of the facility reviews the IGRCs determination and issues a decision. *Id*. at § 701.5(c). Finally, if the superintendent's decision is appealed, the Cental Office Review Committee ("CORC") makes the final administrative determination. *Id*. at § 701.5(d). Only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to § 1983 in federal court. *Bridgeforth v .Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

Additionally, there is an expedited procedure for the review of grievances alleging harassment. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.8. Once it is determined that the grievance presents a "bona fide harassment issue" the Superintendent is required to initiate an in-house

---

[3] The IGRC is a five-member body consisting of two voting inmates, two voting staff members, and a non-voting chair (who may be an inmate, staff member of volunteer). N.Y. COMP. CODES R. & REGS tit.7, § 701.4.

investigation, and within twenty-five (25) calender days of receipt of the grievance, the superintendent must render a decision. *Id.* at § 701.8(d) & (f). If the superintendent fails to respond within the required twenty-five (25) day time limit, the grievant may appeal directly to CORC by filing a Notice of Decision to Appeal (Form #2133) with the inmate grievance clerk. *Id.* at § 701.8(g). CORC then has thirty (30) calender days from the time the appeal was received to render a decision. *Id.* at § 701.5(d)(3).

Defendants have submitted sworn Affidavits establishing that: (1) despite the fact that a grievance procedure was available to him while he was incarcerated at Walsh, Plaintiff failed to file a single grievance; *see generally* Dkt. No. 37-3, Joseph P. Cieslak Aff., dated Sept. 20, 2013; (2) Plaintiff was transferred out of Walsh to Five Points Correctional Facility ("Five Points") on January 21, 2011, *see* Dkt. Nos. 37-6 & 37-7, Cathy Y. Sheehan Affirm., dated Sept. 24, 2013, at Ex. A, Pl.'s Movement R.; (3) although Plaintiff availed himself of the available grievance procedures on three occasions while he was incarcerated at Five Points, none complained of an excessive use of force by Defendant Cucharella nor retaliation, verbal threats, or interference with legal mail by Defendant Durante or anyone else, *see generally* Dkt. Nos. 37-1 & 37-2, Patrick O'Neill Affirm., dated Sept. 23, 2013, & Ex. A, Pl.'s Grievance Record from Five Points; and (4) Plaintiff never appealed any grievances relevant to the allegations at hand to the Central Office Review Committee ("CORC"), *see generally* Dkt. Nos. 37-4 & 37-5, Jeffery Hale Aff., dated Sept. 20, 2013, & Ex. A, Grievance R.

Defendants served their entire Motion for Summary Judgment along with a copy of the Northern District's standard notice to *pro se* plaintiff's entitled "NOTIFICATION OF THE CONSEQUENCES OF FAILING TO RESPOND TO A SUMMARY JUDGMENT MOTION"

upon Plaintiff on September 24, 2013. *See* Dkt. Nos. 37 & 37-9. An additional copy of the Northern District's standard notice was sent to Plaintiff by this Court on the same day. Dkt. No. 39. In addition, and upon his request, this Court granted Plaintiff an extension of time to respond to Defendants' Motion. Dkt. No. 41, Text Order, dated Oct. 22, 2013.

Nonetheless, Plaintiff failed to respond to Defendants' Motion. Therefore, the Court accepts, as true, the factual assertions contained in Defendants' submissions. *See Lopez v. Reynolds*, 998 F. Supp. 252, 256 (W.D.N.Y. 1997) (citing *Champion v. Artuz,* 76 F.3d at 486, for the proposition that "where the movant's papers give the opposing party 'easily comprehensible notice' of the possible consequences of not replying to the motion, and the party does not provide a response to the motion, the court may consider as undisputed the facts set forth in the moving party's affidavits, and may enter judgment in favor of the movant.").

Defendants properly raised the affirmative defense of exhaustion in their Answer, *see* Dkt. No. 27 at ¶ 18, and, we are unaware of any facts which suggest that Defendants forfeited the right to raise the defense by their own actions. *See generally* Compl. Likewise, it is undisputed that Plaintiff failed to file any grievances while at Walsh and Five Points and dit not file any appeal to the CORC related to the constitutional violations of which he now complains. Finally, Plaintiff has failed to present any evidence from which it could be concluded that the grievance procedures at Walsh or Five Points were unavailable to him,[4] or that special circumstances exist in the instant case warranting a reprieve from the PLRA's exhaustion requirement.

Therefore, we recommend that the Defendants' Motion for Summary Judgment be **GRANTED**. *See Singh v. Goord*, 520 F. Supp. 2d at 495–97; *see also Brownlee v. Graham*, 2013

---

[4] Indeed, in his Complaint, Plaintiff acknowledges that prison grievance procedures were available at Walsh. *See* Compl. at p. 5.

WL 5939697, at *5–6 (N.D.N.Y. Nov. 5, 2013) (dismissing plaintiff's § 1983 claims on summary judgment where the defendants' submissions established that Plaintiff failed to grieve the underlying issues or appeal them to the CORC, the grievance process was available, and that no special circumstances justified his failure to comply with the exhaustion requirement).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 37) be **GRANTED**, and this action be dismissed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: June 5, 2014
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge