UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GAETANO D'ATTORE,

                Plaintiff,

     -against-                                      9:12-CV-0009 (LEK/RFT)

CUCHARELLA; and DURANTE,

                Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

*Pro se* Plaintiff Gaetano D'Attore ("Plaintiff") commenced this action on April 25, 2011, alleging civil rights violations arising out of his confinement at Walsh Regional Medical Unit ("RMU") during the period December 2010 to January 2011. Dkt. No. 1 ("Complaint"). Presently pending are Defendants' Motion for summary judgment, which comes before the Court on a Report-Recommendation filed by the Honorable Randolph F. Treece, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3; and Plaintiff's Motion for a preliminary injunction . Dkt. Nos. 37 ("Defendants Motions"); 42 ("Report-Recommendation"); 43 ("Plaintiff Motion").

**II.    PRELIMINARY INJUNCTION MOTION**

    **A.  Legal Standard**

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). A plaintiff seeking preliminary injunctive relief must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or

sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010); Cacchillo v. Insmed, Inc., 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. Citigroup Global Mkts., 598 F.3d at 35; see also Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Citigroup Global Mkts., 598 F.3d at 35 n.4 (internal quotation marks omitted).

**B. Discussion**

In his Motion, Plaintiff states that he endured numerous incidents of mistreatment by staff and other inmates at Green Haven Correctional Facility ("Green Haven"), and expresses concern for his personal safety should he be returned to that facility. Pl. Mot. Plaintiff, who has been confined at a New York City Department of Corrections facility on Rikers Island since approximately June 2014, seeks an order prohibiting the New York State Department of Corrections and Community Supervision from returning him to Green Haven "for any amount of time." Id. at 5.

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" Candelaria v. Baker, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted); see also Lewis v. Johnston, No. 08-CV-0482, 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and

2

Upstate Correctional Facilities in 2006 and 2007). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997); accord Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010); Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010); Devose v. Harrington, 42 F.3d 470, 471 (8th Cir. 1994).

Here, the claims in the Complaint arose out of Plaintiff's confinement at Walsh RMU during the period of December 2010 to January 2011. Compl. Walsh RMU is located within the Mohawk Correctional Facility, see Dkt. No. 37-8 at 3, and Defendants Cucharella and Durante are identified in the Complaint as members of the Walsh RMU corrections staff, Compl. at 2. Nothing in Plaintiff's Motion suggests that either Cucharella or Durante was in any way involved in or responsible for the alleged misconduct at Green Haven. Additionally, Plaintiff has not shown that Defendants have any involvement in or responsibility for assigning Plaintiff to a particular correctional facility. As a result, Plaintiff's request for injunctive relief must be denied.

### III. SUMMARY JUDGMENT MOTION

**A. Standard of Review**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). "If no objections are filed . . . reviewing courts should review a report and recommendation for clear error." Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); see also Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Farid v. Bouey, 554 F. Supp. 2d 301,

3

306 (N.D.N.Y. 2008).

### B. Discussion

Judge Treece recommends that Defendants' Motion for summary judgment be granted and that this case be dismissed. Report-Rec. at 9. No objections to the Report-Recommendation were filed in the allotted time period. See Docket. The Court therefore reviews the Report-Recommendation for clear error and finds none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 43) for a preliminary injunction is **DENIED**; and it is further

**ORDERED**, that the Report-Recommendation (Dkt. No. 42) is **APPROVED** and **ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 37) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court enter judgment for Defendants and close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED: August 22, 2014
Albany, New York

Lawrence E. Kahn
U.S. District Judge